UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.: 6:11-cr-02023-GRA |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| John C. Calhoun, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant filed two motions to suppress. First, Defendant moves this Court to suppress all statements Defendant made to law enforcement officers after he was placed in custody and read his Miranda rights during a search of his residence. Second, Defendant moves to suppress all evidence found during the search of his residence on December 9, 2010 based on a search warrant issued by Magistrate Judge Paul D. Lyles on December 8, 2010. After considering Defendant's motions, the Government's Response to the motions, and the evidence offered at a hearing before this Court on October 24, 2011, Defendant's Motion to Suppress Evidence and Motion to Suppress Statements are DENIED.

## Background

Defendant is charged with being a felon in possession of a firearm. The evidence and statements at issue in this case stem from an executed search warrant and Defendant's arrest at his residence on December 9, 2010.

On or about December 8, 2010, Lt. Bryan Bridges met with Sgt. Chris Martin of the Laurens County Sheriff's Office ("LCSO") regarding information Lt. Bridges had received from a confidential informant who informed Lt. Bridges that she had recently been in Defendant's home and had seen items she believed to have been stolen. This confidential informant had previously provided reliable information to law enforcement.

Sgt. Martin provided detailed information to Lt. Bridges about the description of specific items stolen in a burglary of a residence on Highway 76, including a guitar with a distinctive scratch and other items. Lt. Bridges had another meeting with the confidential informant who agreed to return to Defendant's residence to determine whether the scratched guitar was among the property she had previously seen there. Shortly after, the confidential informant contacted Lt. Bridges and confirmed that the guitar with the distinctive scratch was among the property located in Defendant's residence. The confidential informant also informed law enforcement that Defendant had offered to sell her a half gram of methamphetamine.

Upon receiving confirmation that the stolen guitar was at Defendant's residence, Sgt. Martin prepared a search warrant and provided additional sworn testimony at a hearing before Magistrate Judge Paul Lyles. Sgt. Martin informed Magistrate Lyles that a reliable confidential informant had been in the residence within the past forty-eight (48) hours, seen the property stolen from the house that

was burglarized on Highway 76, and that the confidential informant had provided reliable information in the past. Sgt. Martin further testified that Defendant's residence was located near the burglarized home. Moreover, Sgt. Martin informed Magistrate Lyles that Calhoun had tried to sell the confidential informant drugs while she was in the residence and had a history of selling drugs.

Magistrate Lyles found that probable cause existed and issued the search warrant on December 8, 2010. Sgt. Martin executed the search warrant on December 9, 2010 with two other officers from LCSO. After Defendant opened the door for law enforcement, he was placed in custody for officer safety reasons. Sgt. Martin read Defendant his *Miranda* rights and informed Defendant that they had a search warrant for his residence because they had reason to believe that Defendant had stolen property. Sgt. Martin read Defendant his *Miranda* rights off of a standard card issued by the police academy, which states as follows:

> 1. You have the right to remain silent.
>
> 2. Anything you say can and will be used against you in a court of law.
>
> 3. You have the right to talk to an attorney and have him/her present with you while you are being questioned.
>
> 4. If you cannot afford to hire an attorney, one will be appointed to represent you before any questioning if you want.
>
> 5. You can decide at any time to exercise these rights, not answer any questions or make any statements.

> 6. Do you understand these rights I have explained to you?
>
> 7. Having these rights in mind, do you wish to talk to us now?

Defendant responded that he did want to speak with the officers and informed law enforcement that he had traded Stephen Fincher methamphetamine in exchange for the stolen property. Defendant further advised law enforcement that he had a firearm and some methamphetamine in his residence, and agreed to show law enforcement the location of the drugs, gun, and stolen property in his residence. When officers informed Defendant he was not permitted to possess a firearm, Defendant confirmed that he know he could not have a gun.

Defendant agreed to further cooperate with law enforcement and placed a voluntary phone call to Fincher asking him to come to Defendant's residence. Fincher complied and, upon arriving at Defendant's residence, was arrested for the stolen property. At no point in time did Defendant ever request an attorney or to stop speaking with law enforcement. Subsequently, a federal grand jury indicted Defendant for being a felon in possession of a firearm.

In his Motion to Suppress *Evidence*, Defendant argues that the search warrant was defective because it was not supported by probable cause due to the deficient statement on the written affidavit describing the basis for seeking a search warrant. In Defendant's Motion to Suppress *Statement*, he argues that all statements made by him on or about December 9, 2010 should be suppressed as they were obtained

in violation of Defendant's Fifth and Sixth Amendment rights and *Miranda v. Arizona*, 384 U.S. 436 (1966), because law enforcement only read the *Miranda* warnings orally.

## Discussion

**I. Motion to Suppress Evidence**

"The Warrant Clause of the Fourth Amendment requires that warrants (1) be issued by a neutral and detached magistrate, (2) contain a particular description of the place to be searched, and the person or things to be seized, and (3) be based upon probable cause, supported by Oath or affirmation." *United States v. Clyburn*, 24 F.3d 613, 617 (4th Cir. 1994). The Fourth Amendment does not limit the basis for probable cause for search warrants to written affidavits. Rather, the Fourth Amendment "merely requires that the information provided the issuing magistrate be supported by Oath or affirmation. *Id.* Furthermore, "the Amendment does not require that statements made under oath in support of probable cause be tape-recorded or otherwise placed on the record or made part of the affidavit." *Id.* Thus, "unrecorded oral testimony" may be considered by magistrates in determining whether probable cause exists during warrant proceedings. *Id.*

"In making a probable cause determination, a magistrate must use a totality of the circumstances analysis that considers the informant's reliability and the basis of the informant's knowledge." *Id.* (internal quotation marks and citations omitted). Thus, in reviewing the warrant application, the magistrate must "simply [ ] make a

practical, common-sense decision whether, given all the circumstances . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 214 (1983). The primary consideration in determining whether probable cause exists is "whether it is reasonable to believe that the items seized will be found in the place to be searched." *United States v. Lalor*, 996 F.2d 1578, 1582 (4th Cir. 1993). Reviewing courts give wide deference to probable cause determinations made by magistrates. *Clyburn*, 24 F.3d at 617.

The search warrant in this case is valid and based on sufficient probable cause based on the written affidavit and oral testimony provided to the magistrate. Admittedly, the search warrant is brief; however, Sgt. Martin supplemented the affidavit with sufficient information in the form of sworn testimony to the magistrate during the hearing to determine whether sufficient probable cause existed to issue the search warrant. Sgt. Martin established that the confidential informant had a history of providing reliable information and had presented detailed information regarding the items in Defendant's house which matched the description of the stolen property. The search warrant was issued the same day that the confidential informant provided the information. Thus, the search warrant was supported by probable cause and Defendant's Motion to Suppress the Evidence is DENIED. **II. Motion to Suppress Statements**

*Miranda* warnings are required only when the suspect is subject to "police interrogation while in custody." *Miranda v. Arizona*, 384 U.S. 436, 477 (1966). "In order for a confession obtained during custodial interrogation to be admissible, any waiver of one's *Miranda* rights must be voluntary, knowing, and intelligent." *Burket v. Angelone*, 208 F.3d 172, 199 (4th Cir. 2000). "A valid waiver depends upon the totality of the circumstances, including the background, experience, and conduct of the defendant." *Id.* "To effectuate a waiver of one's *Miranda* rights, a suspect need not utter any particular words." *Id.* at 198. "Thus, a defendant's subsequent willingness to answer questions after acknowledging his *Miranda* rights is sufficient to constitute an implied waiver." *Id.* (citations and internal quotation marks omitted) (citing *United States v. Frankson*, 83 F.3d 79, 82 (4th Cir. 1996)). A defendant's waiver of his *Miranda* rights "need not be explicit, but may be inferred from all of the circumstances." *United States v. Hicks*, 748 F.2d 854, 859 (4th Cir. 1984).

As to the statements made by Defendant to law enforcement, the Government has presented sufficient evidence to demonstrate that Defendant validly waived his *Miranda* rights. Here, law enforcement temporarily detained Defendant while executing a search warrant for his house, informing him of his *Miranda* rights at this time.

Although Defendant did not explicitly state that he waived his *Miranda* rights, he did tell law enforcement, after he was in their custody, that he would speak to

them. He led police to the gun, drugs, and stolen property at his residence. He even volunteered to contact the individual that traded the stolen property with him. These actions are clear indicators that Defendant knowingly and voluntarily waived his *Miranda* rights. Moreover, Defendant possessed knowledge about criminal encounters with law enforcement because he had been arrested on multiple occasions; however, during this arrest, he continued to make inculpatory statements and fully cooperated with law enforcement after he was read his *Miranda* rights and taken into custody. Thus, Defendant waived his *Miranda* rights and his statements to law enforcement are admissible.

IT IS THEREFORE ORDERED that Defendant's Motion to Suppress Evidence is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Suppress Statements is DENIED.

**IT IS SO ORDERED**.

G. Ross Anderson, Jr.
Senior United States District Judge

October 24, 2011
Anderson, South Carolina