```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
                        GREENVILLE DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | C/A No. 6:11-cr-02023-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| JOHN C. CALHOUN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Defendant John C. Calhoun's Motion to Recuse.[1] *See* Motion, ECF No. 55. Defendant files this Motion *pro se* and requests Judge G. Ross Anderson, Jr. recuse himself from Defendant's criminal case, which is currently pending before this Court. *See Id.* Defendant has filed this motion along with three other motions in an attempt to avoid trial, as jury selection is scheduled for tomorrow, November 1, 2011 and trial is scheduled the next day.

Defendant filed this motion on October 28, 2011, asserting that I should recuse myself, alleging that I have certain medical conditions which will "certainly impair this Defendant's chances of receiving a fair trial." *See Id.* In addition, Defendant alleges that this court improperly used the amount of bail as a tool to force a criminal defendant to plead guilty. There is no evidence to support

---

[1] Although Defendant titles this document to the Fourth Circuit, Defendant has not filed a Notice of Appeal for his Motion to Recuse. Therefore, the Court liberally construes this *pro se* Motion as directed to this Court and will answer it accordingly.

Defendant's motion other than his own allegations. For the reasons set forth below, Defendant's motion is DENIED.

## Standard of Review

Defendant proceeds *pro se*. This Court is required to construe *pro se* pleadings liberally to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Nonetheless, the liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Defendant is charged with being a felon in possession of a firearm. On October 24, 2011, this Court denied Defendant's suppression motions, revoked

Defendant's bond and increased Defendant's bond from a $25,000 secured bond to a $50,000 secured bond based on Defendant testing positive for drugs on two separate occasions, Defendant's criminal history, the nature of his present charge, and Defendant's substance abuse problems. Defendant's trial is scheduled for November 2, 2011.

### Discussion

28 U.S.C § 455 governs disqualification of federal district court judges. In pertinent part, the section provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

*Id.*

In the Fourth Circuit, the standard outlined in subsection (a) is analyzed objectively by determining whether a reasonable person with knowledge of the relevant facts and circumstances might question the judge's impartiality. *See United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). The "reasonable person" is a "well-informed, thoughtful observer," who is not "hypersensitive or unduly suspicious." *Rosenberg v. Currie*, No. 0:10-1555-DCN-PJG, 2010 WL

3891966 at *1 (Sept. 3, 2010) (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)). With regard to subsection (b)(1), bias or prejudice must be proven by compelling evidence. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

Section 455 does not require the judge to accept as true all allegations by a moving party; rather, the judge must disqualify himself upon finding the facts cast doubt on his impartiality regardless of how they come to his attention. *Lindsey v. City of Beaufort*, 911 F. Supp. 962, 967 n.4 (D.S.C. 1995). The requirement that a trial judge recuse himself under guidelines enunciated in 28 U.S.C. § 455 recognizes the importance of preserving a "fair and impartial tribunal [as] the basic guardian of all cherished notions of due process embodied in the Constitution of the United States." *Id.* at 967 (citing *In re Murchison*, 349 U.S. 133 (1955)). The motion to recuse must be based on bias that is extrajudicial or personal in nature, and must result in an opinion based on something other than what was learned from the judge's participation in the case. *Id.*

Defendant's allegations that I have been diagnosed with certain medical conditions, which will impair Defendant's ability to receive a fair trial and that I have improperly used the bond amount as a tool to bully Defendant into pleading guilty are unfounded and not supported with any evidence other than Defendant's own allegations. There is no evidence of any medical condition that would impair my ability to be impartial. Furthermore, revoking and increasing Defendant's bond was

justified. Defendant tested positive for drugs on two separate occasions: September 27, 2011 and September 30, 2011. In addition, should Defendant be found guilty at trial of being a felon in possession of a firearm, Defendant faces a minimum of three years imprisonment. Defendant's motion is an attempt to avoid trial and delay the judicial process. Defendant has failed to allege sufficient grounds for disqualification under applicable law. *See* 28 U.S.C. § 455.

Defendant has failed to state any other reasons why Judge G. Ross Anderson, Jr. should recuse himself. Accordingly, Defendant's Motion to Recuse is DENIED.

### CONCLUSION

Therefore, because this Court finds Defendant's claims to be without merit, Defendant's Motion to Recuse is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October 31, 2011
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within sixty (60) days from the date of

its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**